UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

MARYANN TETREAULT,

Plaintiff,

v.                                              4:11cv159

ADVANCED FEDERAL SERVICES Corp.,

Defendant.

REPORT AND RECOMMENDATION

This matter comes before the Court on Advanced Federal
Services Corp.'s ("Defendant" or "AFS") Partial Motion to
Dismiss.  (ECF No. 9).  Plaintiff, Mary Ann Tetreault
("Plaintiff" or "Tetreault") initiated this claim alleging
federal claims of discrimination in violation of the Age
Discrimination in Employment Act, 29 U.S.C. § 621, et seq.
("ADEA"), the Americans with Disabilities Act, 42 U.S.C. § 12101
et seq. ("ADA"), and the Rehabilitation Act, 29 U.S.C. § 701 et
seq.  She also alleges retaliation in violation of  42 U.S.C. §
2000, Title VII, and state law tort claims.  (Compl., ECF No.
1).  AFS moves to dismiss Count III alleging retaliation under
Title VII on the grounds that Tetreault failed to exhaust her

administrative remedies by omitting the retaliation claim in her EEOC Charge. (ECF No. 9). On March 5, 2012, AFS' motion was referred to the undersigned for a report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). (ECF No. 21). For the reasons set forth below, the undersigned recommends the Court GRANT Defendant's Motion and Dismiss Count III.

## A.   Factual and Procedural History

Plaintiff, who was born in 1962, was employed by AFS as a personal assistant from December 1, 2007 until July 11, 2011. (ECF No. 1 at 3). Plaintiff's fibromyalgia, chronic fatigue syndrome, and other disabilities occasionally caused her to miss work. Around November 2010 she began experiencing harassment and discrimination, and was phased out of her job which was eventually given to a younger employee.[1] Id. at 4-5. Plaintiff's physical and mental medical conditions worsened as a result of the harassment and discrimination, and she was eventually discharged from work. Id. at 5.

Plaintiff initiated this lawsuit on December 6, 2011. (Compl., ECF No. 1). AFS filed its present Partial Motion to Dismiss and Memorandum in Support on January 27, 2012. (ECF No. 4). Plaintiff filed her opposition on March 1, 2012 (ECF No.

---

[1] The Court accepts as true the factual claims in Plaintiff's Complaint solely for the purpose of this motion.

16) to which Defendant replied.   (ECF No. 18).   Accordingly, the matter is ripe for judicial review.

### B.   Standard of Review

In ruling on a motion to dismiss for lack of subject matter jurisdiction, plaintiff has the burden of proving that subject matter jurisdiction does exist.   See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).   When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768 (citations omitted).   The motion to dismiss should be granted pursuant to Rule 12(b)(1) "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."   Id. (citations omitted).

### C.   Analysis

In order to bring a claim under the ADA and the ADEA or Title VII, plaintiff must first exhaust administrative remedies by filing a Charge with the Equal Employment Opportunity

3

Commission ("EEOC"). Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005) (Title VII); Downie v. Revco Disc. Drug Ctrs., Inc., 448 F.Supp.2d 724, 728 (W.D.Va. 2006) (ADA); Flickinger v. E.I. du Pont de Nemours & Co., 466 F.Supp.2d 701, 707 (W.D.Va. 2006) (ADEA); See also 42 U.S.C.A. § 2000e-5(f)(1). "The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). The exhaustion requirement is "an integral part of the Title VII enforcement scheme." Johnson v. Portfolio Recovery Assoc.'s, LLC, 682 F. Supp.2d 560, 570 (E.D. Va. 2009). By facilitating voluntary resolution of employment disputes, exhaustion is intended to alleviate the expense and contention which attend litigation. Id. at 569-70. The "failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones, 551 F.3d at 300 (citing Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 138-40 (4th Cir.1995)).

In this case, Plaintiff filed a Charge with the EEOC alleging age and disability discrimination. (EEOC Charge, ECF No. 10-1 at 1). The form she used provided boxes to check to describe the circumstances of the alleged discrimination. Plaintiff checked the "age" and "disability" boxes, and did not

4

check the box labeled "retaliation."   Id.   Plaintiff also
submitted a Charge to the Virginia Council on Human Rights
("VCHR").  In the VCHR Charge Plaintiff again checked only the
"age" and "disability" discrimination boxes, and did not check
the box for "retaliation."   Id. at 2.  In her description of the
particulars, Plaintiff wrote:

> I was employed as a Personnel Assistant II with the
> above named employer from December 1, 2007 until my
> discharge on July 11, 2011.  I was written up on March
> 22, 2011 and April 14, 2011.   I was subjected to
> harassment (being required to train Debra Covington to
> perform the duties of my position, being excluded from
> new time-keeping procedures pertaining to the manager,
> and my office taken from me).  I was discharged on
> July 11, 2011.  The company is aware of my medical
> condition.  I was replaced by a young female 24 or 25
> years old.
>
> The reason given for my discharge was having exhausted
> my family and Medical Leave Act benefits.
>
> I believe I was written up, harassed and discharged
> because of my disability in violation of the Americans
> with Disabilities Act of 1990, as amended and my age,
> 48 in violation of the Age Discrimination in
> Employment Act and the Virginia Human Rights Act, VA
> Code 2.2-3900 et seq.
> (ECF No. 10-1 at 1-2).

Because Tetreault's Charge of discrimination makes no
mention of retaliatory conduct, AFS argues that Plaintiff's
Count III, the  retaliation claim under Title VII, should be
dismissed.  (Mot. Dismiss, ECF No. 10 at 7).  Acknowledging that
the simple failure to check the "retaliation" box, standing

alone, would not defeat her claim, Johnson v. Portfolio, 682 F. Supp.2d at 571, AFS observes that no text in either Charge is sufficient to put AFS on notice that Tetreault claimed retaliatory conduct within the meaning of Title VII.

Tetreault admits that generally claims cannot be brought in this Court without first exhausting administrative remedies. (Mot. in Opp., ECF No. 16 at 1). She argues, however, that her administrative charge should be liberally construed since they are not typically completed by attorneys. Id. (citing Chacko v. Patuxent Inst., 429 F.3d at 509). Acknowledging that "the charge [she filed] does not provide more details regarding the retaliatory discharge," she nevertheless claims "it should be deemed sufficient to provoke a reasonable inquiry under the facts of this case as to why she had been discharged…." Id. at 2 (citing Jones v. Sumser Ret. Vill., 209 F.3d 851, 853 (6th Cir. 2000). Had the employer investigated, she claims its investigation would likely have encompassed her claims of retaliatory conduct. Id.

Tetreault asks too much from the rule of liberal construction. No matter how liberally construed, the Charge she filed is inadequate to put AFS on notice that she believed she had been retaliated against within the meaning of Title VII. In order to state a retaliation claim a plaintiff must allege that:

"(1) he engaged in protected activity, (2) he suffered an adverse employment action at the hands of [his employer]; and (3) [the employer] took the adverse action because of the protected activity." Bryant v. Aiken Reg'l Med. Ctrs. Inc., 333 F.3d 536, 543 (4th Cir.2003) (quoting Spriggs v. Diamond Auto Glass, 242 F.3d 179, 190 (4th Cir.2001)).  Comparing these well-established elements of the claim to the description Tetreault filed with her Charge shows the latter was insufficient to inform either her employer or the EEOC of Tetreault's present claim that adverse employment action resulted from her exercise of protected rights.  See Johnson, 682 F. Supp.2d at 569-70.

Both the Charge to the EEOC and the Charge to the VCHR provided Plaintiff with an opportunity to check the retaliation box. (ECF No. 10-1 at 1-2).  Plaintiff failed to check the box on either form, thereby decreasing the likelihood that her omission was inadvertent or simply overlooked.  More importantly, the particulars she describes on the VCHR form do not reasonably relate to a retaliation claim.  See Evans v. Technologies Applications & Service Co., 80 F.3d 954, 963 (1996) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit."); See

Johnson, 682 F. Supp.2d at 575.   Tetreault makes very clear, especially in the last paragraph, that her claim under the ADA and ADEA is discrimination claim based on age and disability. (ECF No. 10-1 at 2).   Plaintiff makes no mention of retaliation or retaliatory conduct in the description of the allegations framed in her administrative filings.   Id.   A simple allegation of discharge based on alleged age or disability discrimination is insufficient exhaust administrative remedies on a retaliation claim.   Otherwise, a separate retaliation box to differentiate the claims would be unnecessary, and virtually any discrimination claim would automatically give rise to a contemporaneous retaliation claim.   Johnson, 682 F. Supp.2d at 574 (citing Steward v. Gwaltney of Smithfield Ltd., 954 F.Supp. 1118 (E.D.Va. 1996)).

To state a claim of retaliation, a plaintiff must have suffered adverse employment action because she "opposed any practice made an unlawful employment practice," or because she "participated in any manner in an investigation" against her employer. Johnson v. Portfolio, 682 F. Supp.2d at 568 (citing 42 U.S.C. § 2000e-3). Nothing in Tetreault's Charges suggests she suffered adverse employment action because of either her participation in protected activity, or her opposition to

8

unlawful conduct.[2] In fact, after reviewing the facts alleged, the Complaint, and the brief opposing AFS' motion, it remains unclear what protected activity underlies Tetreault's Title VII claim of retaliation. Because exhaustion before both the EEOC and the VCHR requires evaluation of retaliation under Title VII as a distinct claim, Tetreault's Charge is insufficient to exhaust the retaliation claim alleged in Count III.

Finally, the fact that the EEOC took little time to investigate prior to issuing Tetreault's right to sue letter is irrelevant to determining whether Tetreault exhausted her administrative remedies as required by federal law. As set forth above, exhaustion also serves the purpose of permitting employers to conciliate and resolve claims. With regard to Tetreault's claim of retaliation in Count III, AFS was denied that opportunity.

For these reasons, the undersigned recommends that the Court GRANT AFS' Partial Motion to Dismiss Count III.

### D.   Conclusion

Plaintiff has not exhausted her administrative remedies on her retaliation claim under the Title VII. Therefore, the undersigned recommends that the Court GRANT AFS' Partial Motion

---

[2] Tetreault subsequently filed a Motion to Amend her Complaint. The proposed amended complaint adds a separate retaliation claim under the Family and Medical Leave Act. (ECF No. 19-2 at 11).

to Dismiss Count III.

### REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v.

<u>Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>,
727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 15, 2012

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Jonathan H. Walker
Mason Mason Walker & Hedrick PC
11848 Rock Landing Dr.
Suite 201
Newport News, VA 23606

Elizabeth Ellen Clarke
LeClair Ryan PC (Richmond)
Riverfront Plaza - East Tower
951 E Byrd St
Richmond, VA 23219

Kelvin LaVel Newsome
LeClair Ryan PC (Norfolk)
999 Waterside Dr.
Suite 2100
Norfolk, VA 23510

Steven David Brown
LeClair Ryan PC (Richmond)
Riverfront Plaza - East Tower
951 E Byrd St
Richmond, VA 23219

Fernando Galindo, Clerk

By_____
        Deputy Clerk
_____, 2012