UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED

SEP 2 8 2012

CLERK, US DISTRICT COURT
NORFOLK, VA

MARYANN TETREAULT,

    Plaintiff,

  v.           ACTION NO. 4:11cv159

ADVANCED FEDERAL SERVICES
CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND DISMISSAL ORDER

Plaintiff, who was originally represented by counsel, filed this action, which arises out of her employment. Plaintiff claims that she was discriminated against because of her age, disability, and usage of FMLA leave. She asserts no direct evidence of discrimination, so the burden-shifting framework established under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to all her discrimination claims. She also asserts that Defendant intentionally or negligently inflicted emotional distress upon her.

On April 9, 2012, the court dismissed Count III of the Amended Complaint, which claimed retaliation in violation of Title VII. Defendant filed a Motion for Summary Judgment as to the remaining counts. Counsel for Plaintiff had recently withdrawn, so Plaintiff was advised of her right to respond to the Motion for Summary Judgment in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). D.E. # 50. Plaintiff was advised specifically that

she must "identify all facts stated by AFSC with which you disagree, and you must set forth your version of the facts with which you disagree by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that is signed under penalty of perjury)." D.E. # 50.

After receiving the Roseboro notice, Plaintiff filed an Opposition. D.E. # 65. She also subsequently filed a second Opposition. D.E. # 69. The submission was filed subject to defect because it is a surreply that was submitted without leave of Court. The rules permit only one opposition to a motion unless leave of court is granted. Accordingly, the court could strike the pleading without consideration of it. Because of Plaintiff's pro se status, however, the court has lifted the defect and considered the submission.

In the Motion for Summary Judgment, Defendant set forth undisputed facts supported by citations to record evidence. Plaintiff failed to contest any of these facts in a form the court may consider. Plaintiff submitted no affidavits or sworn statements.[1]   With limited exception, she did not cite record evidence for her assertions.  Large portions of her Opposition

---

[1]The court also reviewed all the evidence submitted in the record over the course of the litigation.   Plaintiff never presented a sworn statement or affidavit setting forth her allegations or medical documentation supporting her claims.

merely repeat the allegations of the Amended Complaint. Under Local Rule Rule 56(B), all facts alleged in the Motion for Summary Judgment are admitted, unless properly controverted. Because Plaintiff failed to rebut any of the facts set forth by Defendants, the court accepts Defendant's statement of facts (D.E. # 51 at 2-15) as true. See Gholson v. Murry, 953 F. Supp. 709, 714 (E.D. Va. 1997)

Summary judgment is appropriate only when a court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden to show the absence of an essential element of the nonmoving party's case and to demonstrate that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Such facts must be presented in the form of exhibits and sworn affidavits. Celotex Corp., 477 U.S. at 324. Failure by a plaintiff to rebut a defendant's motion with such evidence on his behalf will result in

3

summary judgment when appropriate. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

Plaintiff's second Opposition repeatedly asks that she be permitted to establish her case at trial through cross-examination of Defendant's witnesses. Plaintiff misperceives both the nature of summary judgment and her burden to establish her case. Plaintiffs, no matter what the cause of action asserted, are always required to establish first the elements of their claim through evidence, such as through sworn testimony or documents. Plaintiffs are never permitted to rely on unsubstantiated assertions only. If a plaintiff fails to establish his or her case through evidence, the defendant need not even respond, and the case will be dismissed. Here, Defendant challenged the sufficiency of Plaintiff's evidence through a properly supported Motion for Summary Judgment. It was Plaintiff's burden to come forth with facts sufficient to establish that she has sufficient evidence to warrant a trial. While the court understands the challenges faced by pro se litigants, all parties must comply by the rules. Plaintiff was told what she must do, and she did not come forward with any evidence that the court could consider.

4

Under the established facts of this case, Plaintiff failed to establish any genuine issue of material fact precluding summary judgment.  Plaintiff failed to establish the elements of any discrimination claim.  Rather, Defendant proved that Plaintiff was terminated after she failed to return to work following the expiration of extended leave under FMLA, which she took for claimed "general medical needs." Plaintiff admits that she used twelve weeks of FMLA leave within a twelve-month period as permitted by 29 U.S.C. § 2612(a)(1)(D), and that she did not return to work after the twelve weeks expired.  Plaintiff was not entitled under FMLA to any more leave,[2] so her termination after she failed to return to work was a legitimate and legal decision.  <u>Ainsworth v. Loudon County Sch. Bd.</u>, 851 F. Supp. 2d 963, 977 (E.D. Va. 2012) ("once an employee exceeds the duration of her FMLA leave, the employer is not obligated by FMLA to keep that position open or reinstate the employee upon her return"). Plaintiff has not set forth any evidence indicating that this reason for her termination was pretextual.  Therefore, even if Plaintiff had set forth a *prima facie* case of discrimination, Defendant advanced a legitimate, non-discriminatory reason for the adverse employment action.  Plaintiff did not carry her burden of rebutting this reason by establishing

---

[2]Plaintiff did not contend, at the time, that she was entitled to additional leave under the ADA.  Plaintiff seems to believe her employer was obligated to hold her job open indefinitely, until Plaintiff was ready to return to work.  The FMLA does not impose any such requirement.

pretext; she introduced no evidence indicating that the true reason she was terminated was discriminatory rather than as a result of her decision not to return to work after the expiration of her FMLA leave.

Even were the Court to overlook the technical deficiencies in Plaintiff's submissions, Defendant's Motion for Summary Judgment still would be properly granted. Plaintiff fervently contends she was treated unfairly or harshly by her employer,[3] but she has no

---

[3]Most of the tension relates to Plaintiff "making up" scheduled work hours. Plaintiff frequently was absent during her scheduled work hours. She would then "make up" those hours outside her scheduled working hours without any formal arrangement or approval for doing so. Apparently, this practice was tolerated historically (at least to some extent), but then attendance policies began to be more strictly enforced. Plaintiff chafed at this change, but an employer may permissibly both set and alter attendance standards without violating any law.

In fact, the documents Plaintiff relies upon establish she was not meeting her employer's expectations with regard to her attendance. Plaintiff attached to her Opposition employee counseling records, which show that Plaintiff was formally counseled in March and April 2011 about her unscheduled absences and about how she would not be permitted to "make up" time without express supervisor approval. Exs. 2 and 3 to Pl.'s Opp'n. (D.E. # 65). In addition, Plaintiff attached a memo from her employer advising her that, "[w]orking in order to 'make-up' hours is **unacceptable** and against AFSC Corporate policy." Ex. 6 to Pl.'s Opp'n (emphasis in original, D.E. # 65). Plaintiff does not dispute that she was disciplined for violations of the policy after she was told it would be strictly enforced. She does not dispute that other employees were also disciplined during the relevant time period for violations of the policy. Therefore, Defendant's even-handed enforcement of reasonable policies about attendance do not give rise to any inference of discrimination in this case.

Plaintiff also complains about being reassigned from an office location to the reception area, being required to perform receptionist duties, and being subjected to increased scrutiny of her work performance. Plaintiff does not contend that these events alone constitute actionable adverse employment actions. Likewise,

evidence whatsoever that the alleged "poor treatment" was linked to Plaintiff's inclusion in any protected class. Plaintiff does not dispute that at no time prior to her termination did she allege that she was discriminated against, harassed, or retaliated against for any reason.

Specifically, Plaintiff presented no evidence whatsoever of any qualifying disability under the ADA or Rehabilitation Act. The Amended Complaint, filed while Plaintiff was represented by counsel, contended that Plaintiff had two disabling conditions: fibromyalgia and chronic fatigue syndrome. But, Plaintiff has presented no corroborating medical documentation in the course of this litigation, and she has not established any substantial limitation, or perception thereof, of a major life activity. In fact, the only evidence before the court is that, while Plaintiff did self-report a history of fibromyalgia, her own treating physician concluded that she "does not really have any findings of fibromyalgia . . ." when she was examined in 2009. D.E. # 51-30. In 2010, the same doctor noted that she had previously "determined that [Plaintiff] likely did not have fibromyalgia." Id. Plaintiff presented no evidence that she ever submitted any corroborating documentation of fibromyalgia or chronic fatigue syndrome to

---

although Plaintiff subjectively feels that her coworkers were not kind to her, she has not contended that her work environment was a "hostile work environment" as defined under discrimination law, nor do her alleged facts support such a claim at this juncture.

Defendant during the course of her employment.[4]   She admits that
she never sought any accommodation for disability.  D.E. # 51-4 at
20-21 (pp. 97-98 of Pl.'s Dep. Tr.).  Most basically, "an employer
cannot fire an employee 'because of' a disability unless it knows

---

[4]On April 18, 2011, Plaintiff requested two-weeks leave for
"general medical needs."  Defendant responded to this request by
asking for more information to determine if the leave request was
covered by FMLA.  Plaintiff then submitted on May 2, 2011, a note
from a physician, which indicated that Plaintiff complained of
"palpitations, fatigue, anxious feelings, and depression" beginning
around April 1, 2011, and that the physician was working to rule
out "physiologic etiology of her symptoms."  No diagnosis was
indicated.  Prior to May 2, 2011, Plaintiff never informed any of
her supervisors that she had a serious health condition.  Even as
of June 29, 2011, Plaintiff's physician reported only that she was
under care for "general medical needs."

    As a result of Plaintiff's claims of "general medical needs,"
Plaintiff was granted and used the entire period of leave provided
under FMLA.  Defendant notified Plaintiff several times that, if
she did not return to work at the expiration of the twelve-week
period, she would be terminated.  Plaintiff was advised that if she
claimed she had a disability that could support a request for
additional leave, that she had a duty to inform the employer.
Plaintiff did not provide subsequent information.  She did not
return, and Defendant terminated her employment on July 11, 2011.

    Plaintiff does assert in her second Opposition that, at some
unspecified point, she stapled a "Doctor's Note to a timesheet
stating that she was out sick due to Fibromyalgia."  D.E. # 69 at
13.  This statement is not sworn, no such note was produced, and no
evidence indicates that any employee of Defendant saw it (Plaintiff
was the employee who processed timesheets).  Given the multiple
declarations of Defendant's employees, which all attest that they
were not aware of any such condition, Plaintiff's unsupported
assertion does not create any genuine issue of disputed material
fact.

    Plaintiff also asserts, again without support, that she told
supervisor Covington that she had fibromyalgia at some point during
her employment.   Covington's Declaration attests that, while
Plaintiff did often miss work because she said she was "sick" or
"did not feel well," she was not aware of any specific medical
condition or diagnosis and never saw any documentation of any
diagnosis.  D.E. # 51-13.  Thus, Plaintiff failed to present a
genuine issue of disputed material fact.

of the disability." <u>Morisky v. Broward County</u>, 80 F.3d 445, 448 (11th Cir. 1996) (quoting <u>Hedberg v. Indiana Bell Telephone Co.</u>, 47 F.3d 928, 932 (7th Cir. 1995)).  Plaintiff states that she has depression and a host of other medical problems in her Opposition, but the Amended Complaint cannot be modified through briefing.[5] Even if it could be, Plaintiff never provided notice to Defendant that she was disabled as a result of these other conditions.  Thus, absolutely no evidence indicates that any of the employer's decisions were related to her claimed medical conditions. Plaintiff's failure to establish a qualifying disability and the employer's knowledge of any such claimed disability dooms any claim of disability discrimination.

Likewise, evidence of age discrimination is wholly lacking. When Plaintiff was hired as an employee, she was within the age-protected class, making age-related discrimination less likely. Plaintiff's Amended Complaint made only vague and conclusory allegations of age-related comments.  In Plaintiff's deposition, she was unable to provide any instances in which supervisors made age-related remarks to her or about her.  Plaintiff's Oppositions do not specify any agre-related comments.  Plaintiff only subjectively interpreted statements that were critical of her but

_____

[5]<u>See</u> <u>Shanahan v. City of Chicago</u>, 82 F.3d 776, 781 (7th Cir. 1996) (holding that a complaint cannot be amended by a brief in opposition to a motion for summary judgment).

that did not mention age as relating to age.  Further, Plaintiff never reported any such comments during her employment, despite her awareness of the procedures for reporting such a claim. Plaintiff's "own naked opinion, without more, is not enough to establish a *prima facie* case of age discrimination." <u>Goldberg v. B. Green and Co.</u>, 836 F.2d 845, 848 (4th Cir. 1988). That is all Plaintiff has presented here.

Nor could the evidence support any finding that Plaintiff was discriminated against because of her usage of FMLA Leave. Plaintiff admits that she did not take any FMLA leave in 2009 and 2010. D.E. # 51-4 at 8. (p. 32 of Pl.'s Dep. Tr.).  The only FMLA leave she took was in 2011.  She used all twelve weeks of leave available to her under FMLA and was terminated when she failed to return to work after the expiration of leave.  If anything, the record establishes that Defendant generously granted Plaintiff leave in response to rather vague and poorly supported claims that Plaintiff was unable to work.  No evidence indicates that the decision to terminate her was causally related to her usage of leave.  Rather, it was her failure to return to work that caused her termination.

Finally, Plaintiff complains about numerous instances of "poor treatment," such as people yelling at her or glaring at her, but she does not identify any conduct that would support the disfavored tort of intentional or negligent infliction of emotional distress. She has not identified any conduct so "outrageous and intolerable

10

Case 4:11-cv-00159-RBS-DEM  Document 70  Filed 09/28/12  Page 11 of 12 PageID# 673

. . . that it offends generally accepted standards of decency and morality." <u>Contreras v. Thor Norfolk Hotel, L.L.C.</u>, 292 F. Supp. 2d 798, 802 (E.D. Va. 2003).  Nothing she mentions individually or in combination rises to the level that could support recovery on these theories.  <u>Compare</u> <u>Simmons v. Norfolk & Western Ry. Co.</u>, 734 F. Supp. 230, 232 (W.D. Va. 1990) (finding claim that employee was "cursed and screamed at in public" insufficient).

In sum, Plaintiff failed to carry her burden of establishing the elements of her claims.  Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**, and this action shall be **DISMISSED**.

Plaintiff may appeal from this Memorandum Opinion and Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Newport News Division, 2400 West Avenue, Newport News, Virginia 23607.  Said written notice must be received by the Clerk within thirty (30) days from the date of this Memorandum Opinion and Dismissal Order.  If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

11

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Dismissal Order to Plaintiff and counsel for Defendant.

**IT IS SO ORDERED.**

/s/

Rebecca Beach Smith
Chief
United States District Judge

Norfolk, Virginia

September 28, 2012